UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE M. ARNOLD,

    Plaintiff,

v.

POINSETTIA HOMEOWNERS
ASSOCIATION, Inc.,

    Defendant.

Case No. 23-12481
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING MOTION TO DISMISS [4]**

Until April of 2023, Christine Arnold leased a parcel in a Florida mobile home park operated by Poinsettia Homeowners Association, Inc., a Florida corporation. There were issues between Arnold and the HOA. Arnold says Poinsettia published her phone number in the community directory, and when she complained that neighbors were sending her "nude and inappropriate photos and messages," "she received no help and was harassed." She also says Poinsettia "failed to provide adequate security within the community" and did nothing when she informed them neighbors were peering into her windows and banging on them, threatening and attempting to harm her, and on one occasion attempting to hit her with their car. Ultimately, Poinsettia filed an action in Florida state court to terminate Arnold's leasehold rights, and Arnold moved to Michigan.

Arnold believes Poinsettia's actions were discriminatory. So she brought this suit, alleging violations of the Equal Protection Clause, 42 U.S.C. § 1985, "Title VI[1] [*sic*] of the Civil Rights Act" (ECF No. 1, PageID.8), and the Fair Housing Act, as well as bringing state law claims for negligence, intrusion on seclusion, and abuse of process.

Poinsettia moved to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case for improper venue. (ECF No. 4.) Poinsettia, a Florida corporation with its principal place of business in Florida (ECF No. 1, PageID.2), says it "lacks sufficient contacts with the State of Michigan," it "does not have a regular and established place of business in this district," and no substantial part of the events in the complaint occurred in Michigan (ECF No. 4, PageID.77–78).

The motion is fully briefed (ECF Nos. 5, 7) and does not require further argument, *see* E.D. Mich. LR 7.1(f). For the reasons that follow, Poinsettia's motion to dismiss is GRANTED.

I.

Personal jurisdiction is a foundational question that asks whether a Court has the power to adjudicate a case against a particular defendant. *See Int'l Shoe Co. v.*

---

[1] It may be that Arnold intended to refer to Title VII which prohibits discrimination on the basis of race, color, religion, national origin, or sex, as opposed to Title VI which provides that no person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

*State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) ("[A defendant must] have certain minimum contacts with [a state] such that the maintenance of the suit [in that state] does not offend traditional notions of fair play and substantial justice." (internal quotation marks omitted)). The Plaintiff may choose where to bring suit, but the Court must ensure this decision is fair to the defendant.

Plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). The Court recognizes, however, that because it did not conduct an evidentiary hearing here, the jurisdictional "burden is 'relatively slight'"—the plaintiff need only make a "prima facie showing that personal jurisdiction exists." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). A *prima facie* showing requires that the plaintiff establish "with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In this context, the Court "consider[s] pleadings and affidavits 'in a light most favorable to the plaintiff[]' and do[es] not weigh 'the controverting assertions of the party seeking dismissal.'" *Id.* (quoting *Theunissen*, 935 F.2d at 1459).

## II.

Personal jurisdiction comes in two forms: general and specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 592 U.S. 351, 358 (2021). General jurisdiction is

proper when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Specific jurisdiction, on the other hand, is proper only when "claims in the case arise from or are related to the defendant's contacts with the forum state." *Id.*

General jurisdiction for a corporation exists where the corporation is "fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is "at home" for the purposes of personal jurisdiction in the state of its incorporation and the state where it has its principal place of business—that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 85–93 (2010).

There is no dispute that Poinsettia is incorporated in Florida and has its principal place of business in Florida. (ECF No. 1, PageID.2; ECF No. 4, PageID.88.) Accordingly, Arnold makes no argument about general jurisdiction. (ECF No. 5, PageID.113–114.)

That leaves specific jurisdiction. Arnold's complaint raises both federal and state claims. She alleges diversity as the basis of subject matter jurisdiction. (ECF No. 1, PageID.2.) "When a federal court sits in diversity, it may exercise personal

4

jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015). "[T]his rule requires the court to determine whether both the state's long-arm statute and the Due Process Clause of the United States Constitution permit the exercise of jurisdiction." *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir.1998); *see also Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 674 (6th Cir. 2023) ("Michigan law requires that courts separately analyze whether a court sitting in Michigan can properly exercise [specific] personal jurisdiction over a defendant under the state's long-arm statute and under the Due Process Clause.").

**A.**

Start with Michigan's long arm statute for corporations. "Michigan's 'long-arm' statute extends 'limited' jurisdiction over nonresident corporations pursuant to Mich. Comp. Laws § 600.715." Neogen, 282 F.3d at 888. This "statute allows courts . . . to exercise [specific] personal jurisdiction over a [non-resident corporation] when a 'plaintiff[ ] . . . show[s] that their cause of action arose out of one of the relationships enumerated in the statute.'" *Sullivan*, 79 F.4th at 667 (citing Mich. Comp. Laws § 600.715). Those enumerated relationships include two that Arnold says are relevant here: "[t]he transaction of any business within the state" under § 600.715(1), and "[t]he doing or causing of any act to be done, or consequences to occur, in the state resulting in an action for tort" under § 600.715(2). *See McConville v. GoodLeap, LLC*, No. 23-11749, 2024 WL 1348366, at *10 (E.D. Mich. Mar. 30, 2024).

5

Arnold argues that "transaction of any business within the state" under § 600.715(1) should be read broadly to include even "the slightest" business. (ECF No. 5, PageID.113 (citing *Sifers v. Horen*, 188 N.W.2d 623, 623–24 (1971)).) Which, says Arnold, includes Poinsettia's "maintenance and use of its website for advertising to . . . residents of Michigan." (*Id.* at PageID113–114.) "Indeed," she says, she "found [Poinsettia's] mobile home park through its website prior to her moving there," though she does not say that she was living in Michigan at the time she accessed the website. (ECF No. 5, PageID.114.) She also argues that Poinsettia "created consequences which Plaintiff felt in Michigan," as contemplated by § 600.715(2), because "[a]fter Defendant forced Plaintiff out of her home at Poinsettia, Plaintiff was forced to relocate to Michigan, thus feeling the effects of Defendant's actions here." (*Id.* at PageID.114.)

Neither argument persuades.

Michigan's "'limited' jurisdiction over nonresident corporations . . . extends only to claims *arising from* the defendant's activities that were either within Michigan or had an in-state effect." *Neogen*, 282 F.3d at 888 (emphasis added). Even if maintaining a website available in Michigan constituted transacting business there, and even if Arnold accessed the website while living in Michigan, Arnold's claims do not arise out of anything related to the website. Her claims arise not from her use of or interactions with the website, but from the alleged harassment, discrimination, and eviction she experienced at the Poinsettia Mobile Home Park in Lee County, Florida. (ECF No. 1, PageID.2).

6

Nor does Arnold's choice to move to Michigan after her eviction create personal jurisdiction over Poinsettia here. "A plain language reading of [§ 600.715(2)] reveals that either the tortious conduct or the injury must occur in Michigan." *Green v. Wilson*, 565 N.W.2d 813, 817 (Mich. 1997) (finding no jurisdiction where neither the act nor the consequence occurred in Michigan). As Poinsettia points out, "based on [Arnold]'s own allegations, both the alleged tortious acts and [her] purported injuries were suffered in Florida – not in Michigan." (ECF No. 7, PageID.123.) The fact that her injuries may have continued when she moved to Michigan does not create personal jurisdiction over Poinsettia here.

So Michigan's long-arm statute does not reach Poinsettia and thus, jurisdiction is not proper here.

## B.

Out of an abundance of caution, the Court will also address the due process prong. It too dictates that this Court cannot exercise personal jurisdiction over Poinsettia.

The Sixth Circuit applies a three-part test to determine when specific personal jurisdiction can be exercised in compliance with due process: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state," (2) "the cause of action must arise from the defendant's activities there," and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller v.*

7

*AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968). "If any of the three requirements is not met, personal jurisdiction may not be invoked." *Id.* (citing *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir.1989)). This is especially so if the purposeful availment prong is not met. *See Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 150 (6th Cir.1997) (observing that purposeful availment is the "*sine qua non*" of a court's due process inquiry, and that "Supreme Court decisions have reinforced the centrality of this factor" (internal quotation marks and citations omitted)); *MLS Nat. Med. Evaluation Servs., Inc. v. Templin*, 812 F. Supp. 2d 788, 804 (E.D. Mich. 2011) ("In light of the Court's determination that the first, 'purposeful availment' prong of the due process standard has not been satisfied in this case, the remaining two elements of this standard may be addressed only briefly.").

As a threshold matter, Arnold makes no specific arguments about the due process requirements. The Court could find them forfeited as a result. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited.") But it will give Arnold the benefit of the doubt that she intended the arguments she made in connection with the Michigan long arm statute to apply to the due process test as well.

Arnold's primary argument is that Poinsettia's "maintenance and use of its website for advertising" to Michigan residents "creates a relationship with the state" that supports specific personal jurisdiction. (ECF No. 5, PageID.114.).

The Sixth Circuit recently found that "[u]se of an interactive website to sell products into a forum creates jurisdiction not because of any internet-specific rules, but because that course of conduct pairs a willingness to sell into the forum with regular sales—features that have long constituted purposeful availment." *AMB Media LLC. v. OneMB, LLC*, No. 23-5607, 2024 U.S. App. LEXIS 11277, at *10 (6th Cir. May 8, 2024). But Arnold does not allege or make any argument that she purchased her mobile home lot through Poinsettia's website, or that any Michigan resident has ever done so. She simply states that she found the mobile home park through the website. (ECF No. 5, PageID.114.) And the Sixth Circuit has previously found that maintaining a passive website which advertises in many states does not amount to purposeful availment of each of these states' forums. *See, e.g., Neogen*, 282 F.3d at 890 ("An Internet website by its very nature can be accessed internationally. By maintaining a website in Pennsylvania, NGS is no more benefitting from the laws of Michigan than from the laws of any other state. The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an 'attenuated' contact that falls short of purposeful availment."); *Butler v. Sturgess*, No 05-74353, 2005 WL 8178505, at *1 (E.D. Mich. Nov. 23, 2005) ("[A] website that only provides information and does not allow the user to make purchases directly from the site, but provides a link to another site for purchases is considered a passive site. . . . [which] does not constitute the purposeful availment necessary to establish personal jurisdiction . . . ."). So purposeful availment is not satisfied.

9

And even assuming it was, Arnold makes no attempt to, nor could she, satisfy the arising from prong. As already addressed, her discrimination and harassment-based claims have nothing to do with Poinsettia's website advertising, or engaging in any sales on its website. "[W]hen the operative facts of the controversy are not related to the defendant's contact with the state . . . the cause of action does not arise from that contract." *S. Mach. Co.*, 401 F.2d 374 at 384 n. 29. Instead, the "operative facts of the controversy," *S. Mach. Co.*, 401 F.2d 374 at 384 n. 29, are the events that occurred in Florida. So her claims do not "arise out of or relate to" any contacts between Poinsettia and Michigan. *Ford Motor Co* 592 U.S. at 359.

Finally, reasonableness. The Court evaluates the following factors: "[1] the burden on the defendant, [2] the interests of the forum State, and [3] the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Super. Court of Cal.*, 480 U.S. 102, 113 (1987).

Here, Poinsettia would be "burdened by this exercise of jurisdiction, as [it] would be required to bear the expense and inconvenience of traveling to Michigan and paying local counsel." *Templin*, 812 F. Supp. 2d at 804. Again, Poinsettia is incorporated in Florida, has its sole place of business in Florida, and its employees all reside in Florida. (ECF No. 7, PageID.123–124.) It claims to have no connections with Michigan. (*Id.* ("[Poinsettia] does not have an office in Michigan, it does not have a resident agent in Michigan; it is not otherwise registered to do business in Michigan; it does not have any employees, managers or officers in Michigan; it does

10

not maintain any bank accounts in Michigan; it does not own or lease any real property in Michigan.").) Nor has Arnold identified any.

Second, any interest Michigan has in protecting its citizens who are harmed by discrimination or retaliation by out-of-state defendants is "offset by [Florida's] interest in safeguarding the rights of a [Florida] resident"—Poinsettia—and "in ensuring that claims against a [Florida] resident are litigated in an efficient and cost-effective manner." *Templin*, 812 F. Supp. 2d at 805. Especially since, as Poinsettia points out, there has already been related litigation in Florida and Arnold was residing in Florida at the time of the conduct giving rise to her claims. (ECF No. 4, PageID.84.)

Lastly, Arnold does not identify any impediments to being able to obtain relief from a Florida court. *See Arangure v. Whitaker*, 911 F.3d 333, 347 (6th Cir. 2018) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)) ("[A dismissal without prejudice is] a dismissal without barring the plaintiff from returning later . . . with the same underlying claim."); *Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 799 (W.D. Ky. 2022) ("The whole point of dismissing without prejudice is to allow a subsequent suit.")

In short, Arnold has failed to establish that the requirements of Michigan's long-arm statute or Due Process are met such that the Court could reasonably exercise personal jurisdiction over Poinsettia.

Thus, the Court does not need to address the venue issues.

## III.

For these reasons, the Court lacks personal jurisdiction over Poinsettia. Accordingly, the Court GRANTS Poinsettia's motion to dismiss (ECF No. 4) and DISMISSES the case WITHOUT PREJUDICE to refiling in a proper court.

SO ORDERED.

Dated: June 24, 2024

                                                   s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE